IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

QUANG VO,

               Petitioner,

               v.

OHIO DEPARTMENT OF JOBS AND
FAMILY SERVICES (WARREN
COUNTY CHILDREN SERVICES),

               Respondent.

_____

Case. No. 6:22-cv-685-MC

OPINION AND ORDER

MCSHANE, Judge:

      Petitioner Quang Vo, proceeding pro se, filed a "Petition for Confirmation, Recognition and Enforcement of Arbitral Award." Petitioner did not pay the filing fee and did not move for leave to proceed in forma pauperis. Petitioner is apparently unhappy with a custody decision rendered by Respondent. Petitioner unilaterally drafted a "binding contract" that purportedly bound the Respondent to appear before binding arbitration in Oregon. The contract warned Respondent that a failure to respond to the binding contract withing 72 hours would bind Respondent and place it in default. When Respondent did not respond within 72 hours, Petitioner apparently sent the matter to binding arbitration. When Respondent did not appear at arbitration, the arbitrator apparently granted Petitioner's motion for summary judgment. Among other

1 – OPINION AND ORDER

things, the arbitrator attempted to award Petitioner damages. At the time of filing, Petitioner

calculated damages in the amount of $55,200,000.00. Petition, Ex. 3, 15; ECF No. 1.

For a multitude of reasons, the Court declines to grant Petitioner the relief sought. First,

as noted, Petitioner did not pay the filing fee or request leave to proceed in forma pauperis.

Second, the Court lacks diversity jurisdiction. Although Petitioner alleges this Court has

diversity jurisdiction, Petitioner and Respondent are both Ohio citizens. Despite Petitioner's

attempt to unilaterally force Respondent into binding arbitration in Oregon, there is no indication

Respondent has any contacts, let alone minimum contacts, with Oregon necessary to establish

personal jurisdiction.

More importantly, the petition appears to be an attempt at an end run around state court

proceedings and is therefore barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman*

doctrine precludes lower federal courts from hearing claims that collaterally attack prior state

court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d

1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal courts are

also generally prohibited from interfering in issues of domestic relations. This exception applies

to issues involving child custody. *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992). To the

extent Petitioner seeks to challenge a custody decree, he must make that challenge in state court.

Additionally, although the Federal Arbitration Act allows a party to file an action

confirming a valid arbitration award, the alleged arbitration here is not valid. The Court is

unaware of any precedent that would allow one party to unilaterally draft a contract notifying

another party that, barring any objection within 72 hours, the responding party would waive any

right to object to the purported arbitration proceedings. As the alleged arbitration is invalid, this

Court lacks subject matter jurisdiction and the case must be dismissed. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (court may raise question of subject matter jurisdiction *sua sponte* at any time).

Additionally, this action seeks money damages against a state agency. The Eleventh Amendment, however, "bars money damages and other retrospective relief against a state or instrumentality of a state." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). On a fundamental level, sovereign immunity bars the relief Petitioner seeks. Although a state may waive sovereign immunity, any such waiver must be an express waiver. Here, Petitioner merely alleges the agency waived immunity when it failed to respond within 72 hours to the unilateral contract Petitioner sent the agency. The alleged waiver here falls far short of an "unambiguous" waiver necessary to show the agency expressly waived sovereign immunity. *Bird v. Or. Comm'n for the Blind*, 22 F.4th 809, 824 (9th Cir. 2022).

As the Court clearly lacks subject matter jurisdiction, and as the Respondent is entitled to sovereign immunity, there is no point in requiring Petitioner to pay the filing fee or move for leave to proceed in forma pauperis. As the petition fails to state a claim, it must be dismissed. 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATED this 20th day of September, 2022.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

3 – OPINION AND ORDER